UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHARLES SCURLOCK,

      Plaintiff,

  v.                                         Case No. 15-cv-338 JPG/DGW

PENTHOUSE INTERNATIONAL
ENTERTAINMENT CONSULTANTS
IEC,

      Defendant.

## MEMORANDUM AND ORDER

      This matter comes before the Court on plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2). A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983). When assessing a motion to proceed *in forma pauperis,* a district court should inquire into the merits of the plaintiff's claims, and if the court finds them to be frivolous, it should deny leave to proceed *in forma pauperis*. *Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir. 1982).

      The Court is satisfied from plaintiff's affidavit that he is indigent. Furthermore, the Court does not find anything in the file to indicate that this action is frivolous or malicious. Therefore, the Court **GRANTS** the motion to proceed *in forma pauperis* without prepayment of fees and costs (Doc. 2). The Court notes, however, that should it become apparent that the action is frivolous or malicious at any time in the future, it may dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**IT IS SO ORDERED.**
**DATED:   April 2, 2015**

                                                              *s/J. Phil Gilbert*
                                                              **J. PHIL GILBERT**
                                                              **DISTRICT JUDGE**