IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHARLES SCURLOCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:15-cv-338-JPG-DGW |
| | ) | |
| PENTHOUSE INTERNATIONAL | ) | |
| ENTERTAINMENT CONSULTANTS IEC, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion to Compel filed by Plaintiff, Charles Scurlock, on October 17, 2016 (Doc. 46).   The Motion is **DENIED**.

In this Motion, Plaintiff seeks to compel answers to interrogatories and requests to produce that sought a copy of a log book and a video.   Plaintiff states that he cannot depose Larry Scott or Jim Lindsey, by the October 11, 2016 discovery deadline, because he does not have this evidence. This Court took the Motion under advisement and directed Defendant to respond.   Defendant states that the video was served upon Plaintiff on June 24, 2016 and the logbook (in redacted form) was served on August 4, 2016.   Plaintiff did not inform Defendant that he could not view the video until September 29, 2016; shortly thereafter, on October 6, 2016, Defendant sent to Plaintiff another copy of the video.   As to the log book, Defendant sent to Plaintiff another copy on August 4, 2016 with the names of individuals in the logbook redacted.   On October 6, 2016, Defendant sent an un-redacted version of the logbook.   It appears that Plaintiff had not received the items by the time he filed his motion.

In the meantime, the depositions of Scott and Lindsey were scheduled for October 11,

2016, the discovery deadline.   Defendant offered to provide a copy of the video for Plaintiff to view prior to the deposition.   Plaintiff represented to Defendant that he could not proceed with the deposition.   Although it is a little hazy as to whether Plaintiff stated he would appear anyway to make a record, Defendant (and the witnesses) appeared, but Plaintiff did not.

Plaintiff should have attempted to view the videotape soon after it was produced, rather than waiting over a month to inform Defendant that is was not viewable.   Similarly, he should have sought an un-redacted copy of the log book prior to September 29, 2016, only two weeks prior to the discovery deadline.   Plaintiff waited too long to seek relief in light of the looming deadline.   And, there is no showing that either of these items would have impacted the depositions of Scott and Lindsey.   Plaintiff had the means to seek relief prior to the discovery deadline but choose to wait until the last minute to bring these matters to the Court's attention.   At this point in the litigation, Defendant already has filed a motion for summary judgment on the merits, a response to which is due by December 5, 2016.   The Motion is accordingly **DENIED**.

**DATED: November 10, 2015**

**DONALD G. WILKERSON**
**United States Magistrate Judge**